Curia, 'per O’Neall, J.
In these cases, two legal questions have been argued. 1st. Can any defence, which does not grow out of the same transaction, and which is in no way connected with the note, be set up against a bona fide holder of the note with notice ? 2d. Can the note set up as a discount against the plaintiff’s note, be allowed, inasmuch as it was not due when the note in question was negotiated to the plaintiff, nor when it fell due ?
Upon the first question, there is some diversity of opinion among the members of the court; and as the cases can be decided upon the second question, the first is reserved for some future occasion.
The words of our discount law, § 2, Act of 1759, 4 Stat. 76, are exceedingly broad. The provision is, “that *549 in all actions whatever, brought for the recovery of any debt, by any plaintiff, either in his own right or in the right of his wife, or as executor or administrator of any person deceased, it shall and may be lawful for the defendant, if he have any accompt, reckoning, demand, cause, matter or thing, against the plaintiff, to give the same in evidence, by way of discount; regard being always had to the cause of action, so that accompts, reckonings, demands, causes, matters, or things relating to the defendant in his own right, shall only be given in evidence by way of discount to actions brought against such defendant in his own right; and so, if such defendant is sued in the right of his wife, or as executor or administrator of any person deceased, and the same shall be noted, and judgment be entered for the balance only ;, and if the plaintiff be found indebted to the defendant, judgment shall be entered for the defendant, with costs of suits, and execution go against the plaintiff.” These words, broad as they are, do not extend the discount law to demands against persons not parties to the record. It is plain, from all the words used, that the Legislature alone looked to account, reckoning, demand, cause, matter, or thing against the plaintiff, or his or her testator or intestate ; they did not look to the same demands against a party from whom the plaintiff acquired his cause of action. It is, therefore, more to give effect to the equity of the statute, than its provisions, that de-fences like the present have been allowed.
In allowing such defences, even against a bond in the hands of an assignee, before 1798, and since, it has been held, that transactions subsequent to the assignment could not be set up as a discount;' Newman vs. Crocker, 1 Bay, 246 ; Williams & Co. vs. Hart, 2 Hill, 483. If such be the rule in those cases, it is clear that in such a case as that before the court, the rule more strongly applies. For in Newman vs. Crocker the action was before ’98, and was in the name of the obligee ; the assignor had only his equity to oppose to the discount, which was between the parties on the record. Here, however, the plaintiff’s title to the paper by indorsement is legal; he is the party to the record, and the discount is against one not a party. Wil *550 liams vs. Hart was on a sealed note, after the Act of ’98, and in the name of the assignee. The Act reserves, however, to the obligor, any defence which he had at the assignment against the obligee. In that case, the obligor obtained the note, of which that offered in discount was a renewal, while the note under seal remained in the hands of the obligee. After the assignment, the obligee renewed it to the obligor, and the court held it to be “ matter” subsequent to the assignment, and disallowed it, There the party making the defence had more cause than the party in the cases before us, for he had a valid, subsisting de-fence, when the note was transferred. By his folly he destroyed it, in accepting a subsequent renewal. In Cain vs. Spann, 1 McMul. 260, my brother Evans, on the question I am now considering, states the true rule. He says that “ he who takes a note after it is due, takes it subject to any defence which the maker can set up against the payee; and according to my understanding of the law, where the action is in the name of the indorsee or bearer, to entitle the defendant to set up, by way of discount, any matter between him and the payee, he must prove that the note was transferred after due, and that the matter of defence existed between them at the time of the transfer.” A note negotiated before due, but with notice of the de-fence, (as I assume the note in these cases to have been,) stands upon the same ground with a note negotiated after due. The inquiry is, had the defendants any defence against the note negotiated to the plaintiff, when it was transferred 1 It is clear they hád none. The note on McCully was not due then, nor until a month after this note was due. Previous to the accrual of their cause of action or defence, this note was out of McCully, and in the plaintiff. They had, therefore, in no sense, any account, reckoning, demand, cause, matter or thing, against McCully at the time he passed away the note. It was conceded by the defendant’s counsel, that if the plaintiff had sued as soon as this note fell due, the defendants could not have set up any defence, as' the note on McCully was not then due. There is no doubt that this concession is true, and it admits the plaintiff’s case ; for if, when this note fell *551 due, he had the right to recover every dollar against the defendants — nothing arising subsequently, between the defendants and McCully, (as his note falling due,) can divest the plaintiff’s fixed and ascertained rights. The case of Shepherd vs. Turner, 3 McC. 249, relied upon by the defendants’ attorneys, has no application to this case. That merely decided, as between the parties, that a discount, to be allowed, must belong to the defendant when the plaintiff brought his suit.
The motion for a new trial, in the case of J. C. McAl-pin against Wingard & Muller, is granted ; in the case of the same plaintiff against Richard Sondley, the motion is dismissed..
Evans, Wardlaw and Frost, JJ. concurred.